(C.D. 2224)

NATIONAL CARLOADING CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 4, 1961)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *James H. Lundquist* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: An importation described on the invoice as fruit knives was classified by the collector of customs as "Household knives 0/4′″" in paragraph 355 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 355), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 337, T.D. 52820, and duty was imposed thereon at the rate of 4 cents each and 17½ per centum ad valorem.

1

In its protest, plaintiff claims that said merchandise should be classified in paragraph 355 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, supplemented by Presidential notification, *supra*, as knives, not specially designed for other than household, kitchen, or butchers' use, and under 4 inches in length, exclusive of handle, dutiable at the rate of 1 cent each and 12½ per centum ad valorem.

The pertinent text of the statute is here set forth—

Paragraph 355 of the Tariff Act of 1930, as modified and supplemented, *supra*, the basis of the collector's classification:

Table, butchers', carving, cooks' hunting, kitchen, bread, cake, pie, slicing, cigar, butter, vegetable, fruit, cheese, canning, fish, carpenters' bench, curriers', drawing, farriers', fleshing, hay, sugar-beet, beet-topping, tanners', plumbers', painters' palette, artists', shoe, and similar knives, forks, and steels, and cleavers, all the foregoing, finished or unfinished, not specially provided for:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

 With handles of nickel silver or steel other than austenitic:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

  Not specially designed for other than household, kitchen, or butchers' use:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

   4 inches or more long, exclusive of handle___   4¢ each and 17½% ad val.

Paragraph 355 of the Tariff Act of 1930, as modified and supplemented, *supra*, as claimed by plaintiff:

Table, butchers', carving, cooks', hunting, kitchen, bread, cake, pie, slicing, cigar, butter, vegetable, fruit, cheese, canning, fish, carpenters' bench, curriers', drawing, farriers', fleshing, hay, sugar-beet, beet-topping, tanners', plumbers', painters' palette, artists', shoe, and similar knives, forks, and steels and cleavers, all the foregoing, finished or unfinished, not specially provided for:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

 With handles of nickel silver or steel other than austenitic:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

  Not specially designed for other than household, kitchen, or butchers' use:
   Under 4 inches long, exclusive of handle_____   1¢ each and 12½% ad val.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

The only witness called by plaintiff was Arthur Salm. The substance of his testimony discloses that he is president of Arthur Salm, Inc., ultimate consignee of the subject merchandise; that he is familiar with the imported knives in controversy, which are represented by exhibits 1 and 2, and which he identified as having been taken from the shipment in question or other like importations.

Both exhibits appear to be identical, and the sole question presented for our determination is whether the length of the knives, exclusive of the handles, is under 4 inches.

The witness Salm has worked in the steel cutlery industry since 1950 and designed the subject fruit knives, which were manufactured to his specifications. He described the knives represented by exhibits 1 and 2 as a monoblock type of instrument forged from a single piece of metal which was machined and polished to its finished condition. He found the overall length of the knife represented by exhibit 1 to be $8\frac{3}{16}$ inches and that the handle measured $4\frac{1}{4}$ inches, with the result that the length of the blade would be under 4 inches. He described the handle as that portion of the knife which extends from the end of the handle to where the blade begins, adding that "The design of this handle ends in what we call in our trade, a bolster." In his opinion, the cutting edge of the knife begins where the bolster ends and, conversely, where "the blade portion ends, that is where the handle starts."

From the testimony of Rosario Quatrochi, a customs examiner at the port of Chicago, who was called by the Government, it appears that, in measuring the knife for "advisory classification," he "measured it from the pronged end of the knife out to the furthest point of the raised portion of the knife," which he found to be $4\frac{1}{32}$ inches.

In the absence of precedent to guide us in solving the problem before us, we turn to other reliable sources of information to aid the judicial understanding in determining the factual and legal questions involved in this litigation.

Our first inquiry leads to the definition of the words "knife," "blade," and "handle" by the following authorities—

Webster's New World Dictionary, college edition (1958):

knife, *n.* 1. a cutting instrument with one or more sharp-edged blades, often pointed, set in a handle. 2. a cutting blade, as in a machine.

blade, *n.* * * * 4. the cutting part of a tool, instrument, or weapon.

handle, *n.* 1. that part of a utensil, tool, etc., which is to be held, turned, lifted, pulled, etc., with the hand.

Webster's New Collegiate Dictionary, second edition:

knife, *n.* 1. An instrument consisting (in its modern form) of a thin blade, usually of steel and having a sharp edge for cutting, fastened to a handle. [Together with this definition, there are 21 illustrations of various types of knives.]

Funk & Wagnalls New Standard Dictionary of the English Language (1941):

knife, *n.* 1. A blade, usually of steel, with one sharpened edge, set in a handle, for cutting.

blade, *n.* 1. The flat cutting part of a knife, sword, or other edged tool or weapon; also, the flat leaf-like part of any instrument or utensil, as of an oar, screw propeller, paddle-wheel, spade, plane, saw, etc.

handle, *n.* 1. That part of an object intended to be grasped with the hand in lifting or using, as a haft, helve, hilt, crank, bail, or knob.

These definitions clearly indicate that a blade is the cutting portion of a knife, the other portion being described as the handle. This conforms to our concept of the portion of a knife to be treated as the handle, which is supported by the uncontradicted testimony of plaintiff's witness. This conclusion is likewise borne out by a physical examination of exhibits 1 and 2 which satisfies us that the subject fruit knives are in length, exclusive of handle, under 4 inches. Accordingly, the claim in the protest to that effect is sustained.

Judgment will issue in accordance with the views above expressed.